# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MANUEL B. PRADO,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-00790
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his October 15, 2015, conviction on rape pursuant to his guilty plea in the Madison County Court of Common Pleas. According to the Petition, the trial court imposed a sentence of eight years pursuant to the joint agreement of the parties. Petitioner did not file a timely appeal. On April 14, 2016, he filed a motion for a delayed appeal. On June 8, 2016, the appellate court denied the motion. On September 9, 2016, the appellate court denied his motion for reconsideration pursuant to Ohio Appellate Rule 26(A). Petitioner apparently did not file an appeal to the Ohio Supreme Court.

Approximately one year later, on September 6, 2017, Petitioner filed this federal habeas corpus petition. He asserts that he was denied the effective assistance of counsel during the guilt

and penalty phases of trial because: his attorney failed to investigate, and gave the State an unfair advantage over the defense at trail, forcing him to enter a guilty plea, and because his attorney failed to procure grand jury testimony, depriving him of due process and equal protection (claim one); that the trial court abused its discretion in sentencing him on facts not presented in the Indictment or found by a jury (claim two); that the Indictment was multiplicitous and defective on its face (claim three); and that he was denied due process, equal protection, and his First Amendment right to petition the government for redress of grievances (claim four).

## II. STATUTE OF LIMITATIONS

As a preliminarily matter, this action is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final in November 2015, thirty days after Petitioner's October 15, 2015 entry of sentence, when the time period expired to file a timely appeal. *See Watkins v. Dayton Corr. Inst.*, No. 2:16-cv-501, 2016 WL 3855206, at *2 (S.D. Ohio July 15, 2016) (citing *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A)). The statute of limitations expired one year later, in November 2016. Petitioner waited approximately ten months, until September 2017, to file this action.

Petitioner submits that this action is timely under the provision of 28 U.S.C. § 2244(d)(1)(B), because the State created an impediment, *i.e.*, the prison's failure to provide Spanish speaking legal assistance to prison inmates, prevented his timely filing. "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Johnson v. Birkett*, No. 2:10-cv-14347, 2011 WL 4695132, at *4 (E.D. Mich. Sept. 8, 2011) (citing *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)). "Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition." *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 154 F.Supp.2d 95, 105 (D. Mass. 2001)); *see also Heid v. Warden, Ross Corr. Inst.*, No. 1:16-cv-398, 2017 WL 2225458, at *7 (S.D. Ohio May 22, 2017) (citing *Webb v. United States*, 679 F. App'x 443 (6th Cir. 2017) (addressing analogous provision under 28 U.S.C. 2255)).

However,

> [t]he Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," but only a "right of access to the courts." *Lewis v. Casey*, 518 U.S. 343, 350–51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Thus, the denial of legal assistance alone does not amount to an unconstitutional impediment to filing. *See Harvey v. Addison*, 390 F. App'x 840, 842 (10th Cir. 2010); *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007); *Smith v. Newland*, 48 Fed. Appx. 233, 234 (9th Cir. 2002).

*Johnson v. Birkett*, 2011 WL 4695132, at *5.

Further, under § 2244(d)(1)(B), the Petitioner must demonstrate that the alleged shortcomings in the prison's legal assistance program actually prevented his timely filing. *See Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) ("Because there is not 'an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Petitioner has not done so here. Likewise, the record fails to reflect that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing) (citing *Pace*, 544 U.S. at 418). Courts have made clear that "[t]he mere fact that Petitioner is a Spanish speaker who does not understand English is insufficient to warrant tolling of the one-year period." *Cruz-Rivera v. Palmer*, 2017 WL 2213573, at *3 (E.D. Mich. May 19, 2017) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Torres v. Willis*, 416 F. App'x 480, 482 (6th Cir. 2011) (citing *Cobas*)). Indeed,

> "[w]ere this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-

> English speaking. Such a result is contrary to common sense." *Cortez v. Petrovsky*, No. 803 CV1482T30MSS, 2006 WL 289113, at *1-2 (M.D. Fla. Feb. 7, 2006) (failure to provide Spanish speaking interpreters to non-English speaking inmates in the Florida prisons does not warrant equitable tolling); *see also Fennell v. Artuz*, 14 F.Supp.2d 374, 377 (S.D.N.Y. 1998) (tolling the statute of limitations for prisoners while they learn English and educate themselves in the law, would defeat the limiting purposes of AEDPA). Petitioner is not entitled to equitable tolling for his lack of a Spanish-speaking interpreter. *See Nguyen v. Golder*, 133 F. App'x 521, 523-24 (10th Cir. 2005) (lack of Vietnamese translator did not warrant equitable tolling); *Huang v. United States*, Nos. 03 Civ. 3755(RPP), 91 Cr. 827(RPP), 2003 WL 22272584, at *3 (S.D.N.Y. Oct. 2, 2003) (lack of Chinese interpreter failed to warrant equitable tolling). Complaining about the lack of Spanish speaking interpreters is similar to complaining about an inadequate law library, unfamiliarity with the legal process, lack of representation, or illiteracy. *Hurtado v. Cockrell*, No. 3:02-cv-0778-M, 2002 WL 32438776, at *5 (N.D. Tex. 2002). The fact that Petitioner is untrained in the law, denied access to a law library, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."); *Burnett v. Birkett*, No. 00-10144-BC, 2002 WL 31748843, at *6-7 (E.D. Mich. Nov. 26, 2002).

*Soto v. Birkett*, No. 5:06-cv-54, 2006 WL 2850578, at *7 (W.D. Mich. Oct. 3, 2006). Instead, "a non–English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel or other source." *Levy v. Osborne*, No. 1:10-cv-00005, 2016 WL 7407301, at *7 (M.D. Tenn. Dec. 22, 2016) (quoting *Mendoza v. Carey*, 449F.3d 1065, 1070 (9th Cir. 2006) (citing *Cobas*, 306 F.3d at 441). Petitioner has failed to meet that burden here.

## III. EXHAUSTION

The undersigned additionally notes that, even if Petitioner could overcome AEDPA's statute of limitations, this action nonetheless would be subject to dismissal as unexhausted. A state prisoner must exhaust his available remedies in the state courts before a federal habeas court may grant relief. *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, the claim is not exhausted. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating exhaustion of the available state court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

According to Petitioner's own pleading, he has not filed an appeal of the appellate court's decision denying his motion for a delayed appeal. He may still file a motion for a delayed appeal to the Ohio Supreme Court pursuant to Ohio S.Ct. Prac. R. 7.01(A)(4). Therefore this action remains unexhausted. *See Hunter v. Warden, Ross Corr. Inst.*, No. 2:16-cv-506, 2017 WL 1957794, at *4 (S.D. Ohio April 25, 2017) ("In Ohio, this exhaustion requirement includes the filing of a motion for leave to file a delayed appeal to the state court of appeals or to the Ohio Supreme Court, if the time for filing a notice of appeal as of right in a felony case has expired.").

## IV. RECOMMENDED DISPOSITION

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED with prejudice** as barred by AEDPA's statute of limitations.

## **Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date: September 27, 2017          /s/Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE