# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MANUEL B. PRADO,

      Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:17-CV-00790
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On September 27, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). (Doc. 3.) Petitioner has filed a *Response to the Magistrate Judge's Report and Recommendation.* (Doc. 4.) Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action with prejudice. He seeks to voluntary dismiss the case so that he may return to the state courts and exhaust his claims by filing a motion for a delayed appeal with the Ohio Supreme Court. *See Petitioner's Response to Magistrate's Report and Recommendation* (Doc. 4.)

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's objection is **OVERRULED**. His request for a dismissal without prejudice is **DENIED**. As discussed by the Magistrate Judge, the record reflects that this action plainly is time-barred. Therefore, the filing of a motion for a delayed appeal will not assist Petitioner in obtaining federal habeas corpus relief. Any re-filing of this action likewise will be time-barred.

The *Report and Recommendation* (Doc. 3) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The

court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether Petitioner's claims should have been resolved differently or that jurists of reason would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Date: October 16, 2017

                                                ____s/James L. Graham_____
                                                JAMES L. GRAHAM
                                                United States District Judge